S05Y1722. IN THE MATTER OF CHRISTOPHER GEORGE LAZAROU.
(619 SE2d 632)

PER CURIAM.

This disciplinary matter is before the Court pursuant to two Reports and Recommendations of a special master who was appointed following the filing of two separate Formal Complaints by the State Bar. The Formal Complaints alleged, and the special master found, that Respondent Christopher George Lazarou violated Rules 1.15 (I) (a), 1.15 (II) (b), 8.4 (a) (1) and (4) of the Rules of Professional Conduct which are found in Bar Rule 4-102 (d). The special master recommends imposition of the maximum penalty of disbarment for Lazarou's violations.

The Return of Service dated March 14, 2004, shows that Lazarou was personally served with the Notice of Finding of Probable Cause, the Formal Complaint, the Petition for Appointment of a Special Master and the Order appointing Special Master in each of the cases, but he did not respond to those filings in any way. Accordingly, acting at the request of the State Bar and pursuant to Bar Rule 4-212 (a), the special master deemed admitted the following facts to be admitted by default: in December 2001, Lazarou, who has been a member of the Bar since 1992, represented a mortgage company as the closing attorney for the refinancing of a mortgage loan. The closing documents, which Lazarou authorized and signed, reflected that the borrowers paid Lazarou $700 for a title examination and that he collected $439.50 for title insurance to be underwritten by an insurance company. In reality, no title insurance company acted as underwriter for a title policy. In fact, no title company issued, authorized Lazarou to issue, or committed to issue a title insurance policy on the property. Moreover, Lazarou never disbursed any funds to purchase a title insurance policy. Instead, Lazarou signed the closing documents knowing that they contained false statements and used the

money for his own personal benefit. In addition, Lazarou prepared, or authorized the preparation of, a title insurance commitment that falsely reflected a commitment for insurance from the insurance company and he signed a title insurance endorsement as a designated "Authorized Signatory" for the insurance company even though it never authorized him to do so. The insurance company later declared the commitment invalid and Lazarou's client had to obtain another policy at its own expense.

In a second disciplinary matter, the following facts were deemed admitted: in January 2004 a mortgage lender prepared a closing package for a transaction that was to close on January 29, 2004. The lender requested Lazarou to act as closing attorney for the transaction and he told the lender that he would obtain a title insurance policy for the transaction from a certain insurance company. The lender requested that Lazarou provide a document entitled Statement of Settlement Service Responsibility ("SOSSR") which was meant to assure the lender that Lazarou was an authorized agent in good standing with the insurance company. Lazarou prepared, apparently signed and transmitted to the lender an SOSSR reflecting that he was an authorized issuing agent for the insurance company when he was not, and never had been an authorized issuing agent for that company.

Considering the entire record, we find that Lazarou knowingly violated Rules 1.15 (I) (a), 1.15 (II) (b), 8.4 (a) (1) and (4) of Bar Rule 4-102 (d) and that at least one of his clients sustained injury or potential injury as a result of the violation of his duty. We do not find any mitigating circumstances and note in aggravation that this action involves multiple offenses and that Lazarou engaged in bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with the rules or orders of the State Bar. Accordingly, we conclude that disbarment is the appropriate sanction in this case and order that the name of Christopher George Lazarou be removed from the rolls of persons entitled to practice law in the State of Georgia. Lazarou is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.