*219 OPINION OF THE COURT
Per Curiam.
The instant application is predicated upon an order of the Supreme Court of Georgia, dated September 19, 2005 (279 Ga 664, 619 SE2d 632 [2005]), which disbarred the respondent from the practice of law in Georgia, and a judgment of the Supreme Judicial Court for Suffolk County, Massachusetts, entered July 24, 2008, which disbarred the respondent from the practice of law in Massachusetts, predicated upon the respondent’s disbarment in Georgia.
The disciplinary matter before the Supreme Court of Georgia emanated from two reports and recommendations of a Special Master who was appointed following the filing of two separate formal complaints by the State Bar of Georgia. The formal complaints alleged, and the Special Master found, that the respondent violated the following Georgia Rules of Professional Conduct (hereinafter the GRPC) rule 1.15(1) (a) (safekeeping property — general), rule 1.15(11) (b) (safekeeping property— trust account or IOLTA) and rule 8.4 (a) (1) (engaging in conduct that violates the GRPC) and (4) (committing a criminal act that relates to the lawyer’s fitness to practice or reflects adversely on the lawyer’s honesty, trustworthiness or fitness as a lawyer).
Pursuant to this Court’s order dated June 4, 2012, authorizing substituted service, the Grievance Committee for the Tenth Judicial District duly served the respondent with notice pursuant to 22 NYCRR 691.3 on June 26, 2012. The respondent was advised that he had the right to file, within 20 days of service of the notice, a verified statement setting forth any of the defenses to the imposition of discipline enumerated in 22 NYCRR 691.3 (c) and request a hearing pursuant to 22 NYCRR 691.3 (d).
In the absence of a verified statement setting forth any of the defenses enumerated in 22 NYCRR 691.3 (c) or a request for a hearing pursuant to 22 NYCRR 691.3 (d), there is no impediment to the imposition of reciprocal discipline.
Under the totality of the circumstances, the respondent is disbarred in New York and his name is stricken from the roll of attorneys and counselors-at-law in this state.
Eng, PJ, Mastro, Rivera, Skelos and Dillon, JJ, concur.
Ordered that the Grievance Committee’s application for reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; and it is further,
*220 Ordered that pursuant to 22 NYCRR 691.3 the respondent, Christopher George Lazarou, is disbarred in New York, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law in this state; and it is further,
Ordered that the respondent, Christopher George Lazarou, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Christopher George Lazarou, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Christopher George Lazarou, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).